SAM MANZUETO OR JOE MANZUETO, PLAINTIFFS-APPELLANTS, v. CHARLES J. FACKLER, DEFENDANT-RESPONDENT.

Argued May 25, 1932—Decided October 17, 1932.

For the appellants, *Herbert A. Kuvin.*

For the respondent, *Palmer & Powell.*

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. It is contended that on November 15th, 1926, the appellants entered into a contract with the respondent whereby the latter agreed to sell to the former a quantity of live eels, which the respondent then had on hand, at a price of fifteen cents per pound; the appellants paying down $100 and later an additional $200; delivery to be made and taken at the place of storage of the eels, at Manahawkin Bridge, New Jersey. These eels were to be kept by the respondent until December—about the Christmas holidays—unless freezing weather should earlier set in, in which event respondent was to notify appellants who were thereupon to immediately send for and take delivery of them.

It is further asserted that at the time of the making of the foregoing agreement the respondent had three thousand four hundred and five pounds of eels on hand and that the appellants authorized him to make further purchases of eels for their account at fifteen cents per pound and that he did so to the extent of three thousand pounds. The time of delivery and acceptance thereof may be more definitely stated as being December 14th, 1926, unless freezing weather prevented, in which event respondent was to notify appellants who, thereupon, were to take immediate delivery.

In the early part of December the weather conditions indicated freezing and it is asserted by respondent, that, probably on the second of that month, he had his helper, one James Mascolo, telephone the appellants at Newark of this condition and notify them to call for and take immediate delivery of the eels. At any rate this seems to have been on a Friday and the appellants did not send for the ells until the

Monday following and in the meantime they had frozen and appellants refused to accept them.

Appellants then brought suit to recover the $300 they had paid and for damages for alleged breach of the contract. The respondent answered by setting up failure of performance upon the part of appellants in taking delivery as, and when, they should and counter-claimed for damages for breach of the contract by appellants not only of the original contract for eels which respondent had on hand, but for those he purchased for appellants' account.

Upon the trial of the issues respondent had a verdict for $398 and from the judgment entered thereon the plaintiffs below appeal.

Six grounds of appeal are filed. None of these is proper and sufficient under the rules of this court, except the third, which alleges error in refusing to strike out the testimony of the respondent.

The gist of the whole complaint is that the testimony of an alleged telephone call by respondent's helper, Mascolo, was improper, and incompetent, because respondent's helper did not recognize the voice of the person with whom he talked and its admission was error under *Smarak* v. *Segusse,* 91 *N. J. L.* 57, and *Citrin* v. *Tansey,* 107 *Id.* 368; that the testimony of the respondent himself as to this telephone message should have been stricken out when a motion for that purpose was made because his speaking thereto was purely hearsay and that the motion to strike out this testimony was timely, coming during the cross-examination of the respondent because it was not until then that counsel obtained the information that the witness was not testifying to facts within his own knowledge.

Upon the question of the motion to strike the testimony of the respondent being timely we are unable to agree with the contention of the appellant in that direction. An examination of the testimony of the respondent will show that early in his direct examination it was made perfectly clear that he had not personally made the telephone call and still, without objection from counsel for appellants, he was permitted to testify respecting it.

As to the question of the competency of the proofs respecting the alleged telephone call we conclude there was no harmful error for the reason that respondent testified that when appellants came to take delivery of the eels they admitted receiving the message and did not come the next day thereafter, which would have been Saturday, and before the eels were frozen, but delayed until Monday because "their big truck was away and they had only the small truck and they couldn't have taken more than about one-third of the eels." This was denied by appellants, but there was thereby raised, by competent proof, the issue of fact as to notice to take immediate delivery, and so the trial judge presented the matter to the jury and in these instructions: "The important points that are in dispute in this case and to which it is necessary to give your most serious attention, as it appears to me, is, first, a telephone call. The plaintiffs deny that any such call was received. The defendant proves or attempts to prove the giving of notice by the testimony of the young man who testified that he made the call. It is claimed that the plaintiffs left a card with the defendant that had a telephone number on it and that the card was given to the young man and he made the call; that he got some woman on the telephone and left the message with her. *But all that in itself is not proof that the call was made; the call must have been received by the plaintiffs or their agent. The only proof that the call was received by the plaintiffs or their agent is a statement made by the defendant, that one of the plaintiffs admitted that he received the call. It all hinges on the question of this admission.*"

A more definite and restrictive instruction than this it would be difficult, if not impossible, to give.

Finding no harmful, reversible error, we conclude that the judgment under review should be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.